*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-194

DECEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Criminal Division |
| | } | |
| Robert Gilman | } | DOCKET NO. 952-8-09 Wncr |

Trial Judge: Brian J. Grearson

In the above-entitled cause, the Clerk will enter:

Defendant appeals from an order of the Washington Superior Court, Criminal Division, denying a motion to suppress. He contends the trial court erred in rejecting a claim of police coercion. We affirm.

This is defendant's second appeal from a judgment of conviction of DUI and several related charges. The facts are largely set forth in the original appeal, State v. Gilman, No. 2010-210, 2011 WL 4977988 (Vt. Jan. 27, 2011) (unpub. mem.), and may be briefly summarized here. Early on the morning of July 18, 2009, a police officer observed a vehicle traveling in excess of the speed limit on Route 12 in the Town of Berlin. When the officer attempted to stop the vehicle, it sped away. The officer was able to identify the name and address of the vehicle's registered owner from its license plate. After further investigation, several officers went to the home of the owner's boyfriend, where they observed the vehicle in the driveway.

An officer knocked on the door and spoke with defendant's mother, informing her that they were looking for defendant. She told them that he was sleeping upstairs. Several officers then entered the residence with mother's permission. Mother recalled that the police told her that they would go upstairs to get defendant if he did not come down. She then called upstairs and told defendant to come down or the police would "come and get him." Id. at *1. The investigating officer testified, in contrast, that he merely asked if defendant's mother would "mind going upstairs and waking him and having him come [downstairs]." Defendant appeared, was recognized as the driver from the earlier pursuit, showed signs of intoxication and was arrested for DUI.

Defendant moved to suppress the DUI evidence on the ground that the police entry into the home was nonconsensual and that his appearance was coerced. The trial court denied the motion, finding that the mother consented to the entry. The court also found that, although defendant's mother testified that the police told her that if defendant did not come down "they would go up and get him," there was no evidence she actually conveyed such a message to defendant. We affirmed the court's finding that the entry was consensual. Id. at *2. We reversed, however, on the issue of coercion, finding that the court's reported lack of evidence about what defendant was told was erroneous—given that mother specifically testified that she told defendant that the police would go upstairs and "get" him if he refused to appear, and that

her version of events was corroborated by defendant's girlfriend. Id. at *2-3. We noted that, on remand, the trial court could determine whether the officers' testimony denying any threat of force was more or less credible than the contrary testimony of defendant's mother and girlfriend. Id. at *3.

In April 2011, following our remand, the trial court issued a written decision on the renewed motion to suppress. Having reviewed the record and arguments, the court found that the officers' testimony was more consistent and credible than that of defendant's mother. The court found that the police asked to speak with defendant, but that mother told him that they would go up and get him if he did not come down. Based on those findings, the court concluded that defendant's decision to come downstairs was not the product of coercion by the police. Accordingly, the court reaffirmed its earlier ruling denying the motion to suppress, and reaffirmed the finding of guilt on all counts. This appeal followed.

On appeal, defendant does not challenge the court's factual finding, but argues instead that police coercion should be found from the totality of the circumstances, and in particular from the presence of several police officers in and around defendant's home and police cruisers in the driveway, suggesting that "he had no choice given this overwhelming show of force." The argument is unpersuasive. Absent any overt physical force, implied threats, intimidating verbal commands or other coercive tactics, the mere presence of multiple officers does not support a finding of forcible police action. See, e.g., United States v. Thomas, 430 F.3d 274, 280 (6th Cir. 2006) (holding that presence of five officers and four police vehicles at defendant's home did not establish that encounter was "inherently coercive"); United States v. Zamoran-Coronel, 231 F.3d 466, 469 (8th Cir. 2000) (holding that "the mere presence of [four] police officers in a confined space [did] not necessarily exert coercion"); State v. Hunt, 150 Vt. 483, 496 (1988) (holding that defendant's will was not overborne from presence of three officers who asked defendant to accompany them to police station for questioning "in a manner neither threatening nor compelling"). Moreover, defendant was not, as he suggests, entitled to resist officers lawfully in his house with probable cause to arrest him once he was recognized.

Defendant's reliance on United States v. Maenz, 872 F.2d 1444 (10th Cir. 1989) is misplaced. There, the court held that the defendant did not voluntarily exit his home where it was surrounded by police officers, the FBI, and a SWAT team who pointed rifles at the home and ordered defendant to exit. Id. at 1450-51. Nothing of that nature occurred here. Accordingly, we find no basis to disturb the trial court ruling.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

2